## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**WORLDSPACE, INC.**, *et al.*,[1]<br><br>Debtors. | **Chapter 11**<br>**Case No. 08 – 12412 (PJW)**<br>**(Jointly Administered)** |
| **WORLDSPACE, INC.**, *et al.*,[1]<br>     **Plaintiff,**<br><br>v.<br><br>**THALES ALENIA SPACE,**<br>     **Defendant.** | **Adv. Proc. No.** _____ **(PJW)** |

## COMPLAINT FOR AVOIDANCE
## AND RECOVERY OF PREFERENTIAL TRANSFERS

WorldSpace, Inc. ("WorldSpace"), on behalf of itself and its affiliated debtors and

debtors in possession in the above-captioned cases (collectively, the "Debtors" or "Plaintiffs"),

for their complaint for Avoidance and Recovery of Preferential Transfers, allege as follows:

### The Parties

1.    On October 17, 2008 (the "Petition Date"), each of the Debtors other than

WorldSpace Satellite Company Ltd. ("SatCo") filed a voluntary petition in the Court for relief

under chapter 11 of the Bankruptcy Code. On May 18, 2010, SatCo filed a petition under

---

[1]  The Debtors in these proceedings, along with the last four digits of each Debtor's federal tax identification number, are: WorldSpace, Inc. (2881); AfriSpace, Inc. (3956); and WorldSpace Systems Corporation (0695); each with a mailing address of 8515 Georgia Avenue, Silver Spring, MD 20910; and WorldSpace Satellite Company Ltd. (7577), with a mailing address of Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, BVI.

chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' cases. An official committee of unsecured creditors (the "Creditors' Committee") was appointed on October 29, 2008 in the cases of the Debtors other than SatCo. The Debtors have filed a motion for SatCo's chapter 11 case to be jointly administered with that of the other Debtors (Docket No. 1007).

2. WorldSpace is a Delaware corporation based in Maryland. Prior to June 24, 2010, WorldSpace and its Debtor and non-debtor affiliates provided satellite-based radio and data broadcasting services to paying subscribers in ten countries throughout Europe, India, the Middle East and Africa. The Debtors and their affiliates operated two geostationary satellites, AfriStar and AsiaStar, that were owned by SatCo and are in orbit over Africa and Asia. Another completed satellite is currently in storage.

3. The other operations of the Debtors and their affiliates included operating associated ground systems that provided content to and control satellites, a terrestrial repeater network to be built out (subject to regulatory approval) in each of the Debtors' target markets in order to facilitate a mobile service, and the receivers owned by the Debtors' customers. The principal assets of the Business included (i) two completed satellites in orbit, (ii) a satellite in storage, (iii) related operational ground equipment and intellectual property, and (iv) related regulatory licenses and various contracts.

4. Defendant Thales Alenia Space ("Defendant") is a corporation (or an individual, limited liability company, partnership or sole proprietorship), whose country or state of incorporation, organization, existence or residence is unknown, but believed to be France.

5.     Defendant was, at all times material hereto, a vendor or other material business partner or contract counterparty to the Debtors.

## Jurisdiction and Venue

6.     The Court has jurisdiction over this matter under the Bankruptcy Code and pursuant to 28 U.S.C. § 157(a) and §1334.  Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

7.     This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure and is a core proceeding under 28 U.S.C. §157(b).

## First Claim for Relief

### Avoidance of Preferential Transfers -- 11 U.S.C. § 547

8.     Plaintiffs repeat and reallege the allegations in the above paragraphs as though fully set forth at length.

9.     Within ninety days prior to the Petition Date, one or more of the Debtors made transfers to Defendant in the total amount of approximately $234,000.00, as more specifically described in Exhibit A attached hereto (the "Transfers") and incorporated herein by this reference.

10.     The Transfers to Defendant were each on account of an antecedent debt owed by one or more of the Debtors to Defendant before the Transfers were made.

11.     The Transfers were made while the Debtors were insolvent (and the Debtors are presumed to be insolvent during the 90 days preceding the filing of their respective petitions pursuant to 11 U.S.C. § 547(f)).

12.     The Transfers to Defendant enabled it to receive more than it would have received if each of the Debtors' chapter 11 cases was a case under chapter 7, if the Transfers had not been made, and if the Defendant received payment on the debt to the extent provided by Title 11 of the U.S. Code.

13.     Plaintiffs are entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

## Second Claim for Relief

### For Recovery Of Property -- 11 U.S.C. § 550

14.     Plaintiffs repeat and reallege the allegations in the above paragraphs, as though fully set forth herein.

15.     As alleged above, Plaintiffs are entitled to avoid the Transfers under 11 U.S.C. § 547. Because the Defendant is the initial transferee of the Transfers Plaintiffs are entitled to recover for the estate the proceeds or value of the Transfers under 11 U.S.C. § 550.

16.     Plaintiffs are entitled to an order and judgment under 11 U.S.C. § 550 that the proceeds or value of the Transfers are recovered for the benefit of the estate.

## Third Claim for Relief

### For Disallowance Of Claims -- 11 U.S.C. § 502(d)

17.     Plaintiffs repeat and reallege the allegations in the above paragraphs, as though fully set forth herein.

18.     Defendant is the transferee of the Transfers by one or more of the Debtors that are avoidable under 11 U.S.C. § 547, and which are recoverable by the Plaintiffs under 11 U.S.C. § 550.

19.     Pursuant to 11 U.S.C. § 502(d), because Defendant is liable for any avoidable transfer under 11 U.S.C. § 547, any claims held by the Defendant against the Debtors' estates must be disallowed unless and until the Defendant pays the amount of the Transfers to the Plaintiff.

20.     Defendant has not returned or paid the value of any of the Transfers, and thus, its claims, if any, against the Debtor should be disallowed.

**WHEREFORE,** the Plaintiffs pray for judgment as follows:

1.     For a determination that the Transfers are avoidable as preferential transfers under 11 U.S.C. § 547, and that Plaintiffs are entitled to recover the Transfers under Section 550 of the Bankruptcy Code;

2.     For disallowance of any and all of Defendant's claims against the Debtors' estates under Section 502(d) of the Bankruptcy Code, unless and until the amount of any judgment for avoidance and recovery of the Transfers is paid by Defendant to Plaintiffs;

3.     For costs of suit incurred herein, including, without limitation, attorneys' fees;

4.     For pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law; and

5.     For such other and further relief as the Court may deem just and proper.

Dated:  October 15, 2010

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP
Laura Davis Jones (Bar No. 2436)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  ljones@pszjlaw.com
          tcairns@pszjlaw.com

Counsel for Plaintiffs and Debtors and Debtors in
Possession

## Exhibit A

| Payment Date | Payment Amount |
|:---:|:---:|
| 8/1/2008 | $234,000.00 |